## STATE v. GILBERT.

Rev. Pol. Code, § 2848, being part of an article on intoxicating liquors, extending from section 2834 to section 2860, provides that a person convicted of violating any provision of the two preceding sections (one of which prohibits the presence of minors in places where liquor is sold; the other, the opening on Sunday of places for sale of liquor), shall be punished as provided for punishment of misdemeanors. Section 2838 provides that if one engage in any business requiring the payment of license under section 2834 without having paid it, or in any manner violate any of the provisions of the article, he, if there is no specific penalty provided therefor by this article, shall be punished by a fine of from $50 to $500, or by imprisonment from 10 to

30 days, or by both; and any person engaging in any business requiring the payment of a license under section 3834, who, after paying the license, shall be convicted of a violation of any of the provisions of this article, shall thereby, in addition to all other penalties prescribed by this article, forfeit his license for the remainder of the time for which it was paid, and be debarred from again engaging in any business requiring a license under section 2834.  **Held**, that one convicted of keeping his liquor place open on Sunday, in violation of section 2847, may not only be given the punishment provided by Rev. Pen. Code, § 14, for misdemeanors generally—a fine not exceeding $500 or imprisonment not exceeding a year, or both—but may have forfeited his license and the right to again engage in the liquor business.

An information for keeping open a liquor place on Sunday, stating that defendant was the proprietor of a saloon and licensed to sell intoxicating liquors therein, sufficiently charges that he was engaged in the business of selling intoxicating liquors under the provisions of the license law.

(Opinion filed, April 2, 1907.)

Error to Circuit Court, Brule County.  Hoon. CHARLES S. WHITING, Judge.

Addison Gilbert was convicted of violating the liquor laws, and brings error.  Affirmed.

*G. P. Harben,* for plaintiff in error.  *Philo Hall, Atty. Gen., Aubrey Lawrence, Asst. Atty. Gen.,* and *J. E. House, State's Atty.,* for the state.

CORSON, J.  Upon an information duly filed the plaintiff in error, whom we shall hereafter denominate the defendant, pleaded guilty to the offense of keeping open his saloon on Sunday, and the court entered a judgment that the defendant pay a fine of $500 and that he forfeit any license for the sale of intoxicating liquor paid, and which has not expired, and, further that he be precluded from continuing such business of selling intoxicating liquor at retail for the remainder of the year for which he holds license, if any, and that he be further debarred from engaging in any business requiring payment of license under section 2834 of the Revised Political Code of South Dakota, and that he stand committed until such sentence be complied with.

Defendant contends that the clause in the judgment providing for the forfeiture of his license was in excess of the court's juris-

diction, and that the only judgment in any event should have been that provided for by section 2848 of the Revised Political Code. The information was evidently drawn under the provisions of section 2847, which prohibits persons engaged in the sale of intoxicating liquors from keeping their saloons open on Sunday, and the penalty for the violation of the provisions of that section is provided by section 2848, which reads as follows: "Any person who shall violate any of the provisions of .the two preceding sections shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished as now provided by law for the punishment of misdemeanors." The section of the criminal law providing penalties for misdemeanors is section 14 of the Revised Penal Code, and reads as follows: "Except in cases where a different punishment is prescribed by this Code, or by some existing provisions of law, every offense declared to be a misdemeanor is punishable by imprisonment in a county jail not exceeding one year, or by a fine not exceeding five hundred dollars, or by both such fine and imprisonment."

It is contended by the Attorney General that the court was authorized, in addition to the penalty prescribed in section 2848, to add thereto the clause forfeiting the defendant's license and prohibiting him from engaging in the business of selling intoxicating liquors during the remainder of his term, under the provisions of section 2838, the material parts of which are as follows: "If any person or persons shall engage or be engaged in any business requiring the payment of licenese * * * or shall in any manner violate any of the provisions of this article, such person or persons shall be deemed guilty of a misdemeanor, and upon conviction thereof, if there is no specified penalty provided therefor by this article, shall be punished by a fine of not less than fifty dollars nor more than · five hundred dollars and costs of prosecution, or by imprisonment in the county jail not less than ten days nor more than thirty days, or by both such fine and imprisonment in the discretion of the court, * * * and any person or persons engaged in any business requiring the payment of a license under section 2834, who, after paying the license so required, shall be convicted of a violation of any of the provisions of this article, shall thereby in

addition to all other penalties prescribed by this article, forfeit the license so paid by him or them and be precluded from continuing such business for the remainder of the year or time for which said license was paid, and be debarred from again engaging in any business requiring the payment of a license under section 2834, of this article, or from becoming a surety or sureties upon any bond required under section 2839 of this article, from the time of such conviction."

We are inclined to taken the view that the Attorney General is right in his contention. It is provided by the terms of that section that any person or persons who shall in any manner violate any of the provisions of the article shall be subject to the penalties therein provided, and in addition to all other penalties prescribed by the article shall be subject to the forfeiture therein specified. It will be observed that the language of that section is broad and comprehensive, and that the penalty of forfeiture, in addition to the other penalties provided in the section, applies to all cases of conviction under the provisions of the article, the article embracing all the provisions of the Code relating to the license law, and providing for penalties for any violation of the same. It was competent for the Legislature to provide for the forfeiting of the license in all cases arising under the provisions of the article, and that such was its intention is clearly evident from the language used in section 2838. The fact that section 2848 prescribes a different penalty for a violation of the two preceding sections from that prescribed by section 2838 did not, in our opinion, preclude the court from adding the forfeiture clause provided for in the latter section, as there is nothing in section 2848 inconsistent with the forfeiture clause in section 2838. It is the general rule, in the construction of statutes, that the different provisions should be construed together, and effect given to every part thereof as far as possible. It is contended by counsel for the defendant that it does not appear from the statements in the information hat the defendant was engaged in the business of selling intoxicating liquors under a licnese, and therefore that the entire judgment is erroneous and should be reversed; but we cannot agree with counsel in this con-

tention. It is stated in the information that the defendant was the proprietor of a saloon and licensed to sell intoxicating liquors therein. This, we think, was a sufficient charge in the information that he was engaged in the business of selling intoxicating liquors under the provisions of the license law of this state.

The judgment of the Circuit Court is affirmed.